UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRDOS SHEIKH,<br><br>        Plaintiff,<br><br>    v.<br><br>SPINNAKER INSURANCE COMPANY, et al.,<br><br>        Defendants. | No. 2:23-cv-1582 TLN SCR<br><br>ORDER ON DISCOVERY MOTION AND ORDER TO SHOW CAUSE |

Defendants filed a motion to compel Plaintiff to provide complete initial disclosures concerning damages computations, as required by Rule 26(a)(1)(A)(iii), and to comply with the Court's discovery order on the same subject (the "Discovery Motion"). ECF No. 36.  However, Defendants' counsel did not meet and confer with Plaintiff's counsel prior to filing this motion, and persisted in pursuing the motion even after Plaintiff's counsel served amended initial disclosures.  After the parties submitted a joint statement on Defendant's Discovery Motion (ECF Nos. 41 & 39-4), the Court heard argument on this and another discovery motion on April 24, 2025.  As explained below, the Court denies the Discovery Motion and orders Defendants to show cause to why they should not be sanctioned.

////

////

1

## I. PROCEDURAL BACKGROUND

This case involves an insurance dispute over fire and vandalism incidents at Plaintiff's property. The parties served initial disclosures on November 19, 2024. ECF No. 27 at 2. Plaintiff's initial disclosures did not include the damages computations required by Rule 26(a)(1)(A)(iii). After a meet and confer process failed to resolve the dispute, Defendants sought the Court's assistance through an Informal Discovery Conference ("IDC"). ECF Nos. 26 & 27. After the IDC, on February 5, 2025, the Court issued a minute order (the "IDC Order") that, *inter alia*, required Plaintiff, within 30 days, "to supplement her initial disclosures and provide all currently available information concerning her damages computations, including, but not necessarily limited to, a computation of lost rental value and a computation of the cost of demolition, if any." ECF No. 31.

Both sides now agree that March 7, 2025 was the deadline for Plaintiff to comply with the Court's IDC Order. On March 7, Plaintiff's counsel apparently served further initial disclosures (the "Further Initial Disclosures") on Defendants' counsel by email. However, Defendants' counsel apparently did not receive that email. Instead of contacting Plaintiff's counsel to inquire about the status of the further initial disclosures, on March 14, Defendants filed the Discovery Motion, which sought (1) to compel Plaintiff "to provide full and complete compliance with Fed. R. Civ. P. 26(a)(1)(A)(iii) initial disclosures regarding damages that includes amounts calculated, and compliance with" the Court's IDC order, and (2) "monetary sanctions against Plaintiff and her counsel of record, Yasin Almadani, jointly and severally for violating" the Court's IDC order. ECF No. 36.

Within "approximately half an hour" of receiving the ECF notification for the Discovery Motion, Plaintiff's counsel emailed Defendants' counsel. Plaintiff's counsel asked "[w]hat is the meaning of the motion referenced" in the ECF notification, stated that the Further Initial Disclosures had been served "consistent with the Court order," attached those Further Initial Disclosures to the email, and threatened to move for sanctions unless Defendants were to withdraw the Discovery Motion. ECF No. 39-4, Exs. A & B. Plaintiff's counsel then sent Defendants' counsel a ".pdf" version of the March 7 email that originally served the Further

Initial Disclosures. *Id*., Ex. C. Defendants' counsel requested a native version of the March 7 email, but Plaintiffs' counsel did not forward that original email to Defendants' counsel or attach it to a new email. ECF No. 41-3, Ex. 3.

Plaintiff's Further Initial Disclosures include damages computations for demolition costs and lost rental income, at least as estimated. ECF No. 39-4, Ex. A. They also state that a computation of other damages will require expert input are premature at this point. *Id*. They also "reserve[] the right to amend and/or supplement the damage figures with expert reports and/or further supplemental disclosure." *Id*.

After receiving Plaintiff's Further Initial Disclosures, Defendants did not withdraw the Discovery Motion or seek to meet and confer regarding any substantive deficiencies in those disclosures. Instead, on April 3, 2025, Defendants filed a joint statement that, among other things, sought to show that Defendants' counsel never received the March 7 email. ECF No. 41 at 3-5. Defendants' portion of the joint statement also cited case law explaining that initial disclosures on "computations" are substantively deficient when they fail to include information about the analysis used and evidence relied upon. *Id*. at 9, 11.

At the April 24 hearing, the undersigned asked Plaintiff's counsel to forward the March 7 email to the undersigned's chambers. Plaintiff's counsel did so within minutes of the hearing's conclusion. Nothing about the email suggests it is not authentic.

## II.     ANALYSIS

A party moving for an "order compelling disclosure or discovery" must "certif[y] that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules of this District further implement this requirement as follows:

> **Requirement of Conferring.** Except as hereinafter set forth, a motion made pursuant to Fed. R. Civ. P. 26 through 37 and 45, including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a

time and place and in a manner mutually convenient to counsel. Local Rule 251(b). Moreover, the undersigned's Civil Standing Orders explain how Local Rule 251's meet-and-confer requirements may be satisfied, and concludes, "Judge Riordan strictly enforces these confer requirements."[1]

Defendants failed to meet and confer at all with Plaintiff on the question of whether Plaintiff had complied with the deadline set by the Court's IDC Order and, after being served with Plaintiff's Further Initial Disclosures, on the question of the substantive adequacy of those Further Initial Disclosures. A good faith meet-and-confer process would have, at the very least, narrowed the dispute to substantive issues, as opposed to a fight over whether and when Plaintiff served those disclosures. Avoiding needless litigation is the whole point of the meet-and-confer requirement set out by Rule 37(a)(1) and Local Rule 251(b). Defendants' Discovery Motion is accordingly denied without prejudice.[2] *Akkawi v. Sadr*, No. 2:20-cv-01034 MCE AC, 2022 WL 2442234, at *1 (E.D. Cal. July 5, 2022) (where a party fails to comply with Local Rule 251, discovery motions are typically denied without prejudice to re-filing).

Having resolved Defendants' Discovery Motion, the remaining issue is whether to grant Plaintiff attorneys fees as a sanction for Defendants' failure to meet and confer. Plaintiff seeks $6,650 in fees. ECF No. 41 at 15. Defendants will be ordered to show cause ("OSC") as to why such a sanction should not issue. *See Puckett v. Cnty. of Sacramento*, No. 2:22-cv-00350-KJM-DB 2024 U.S. Dist. LEXIS 75679, at *5 (E.D. Cal. April 24, 2024) (even where dispute concerned issue that had been the subject of a prior discovery proceeding, "the court finds the magistrate judge did not commit clear error or make any decisions contrary to law in awarding sanctions because meet and confer requirements were not satisfied"). Defendants' response to the OSC shall be filed within 14 days of the date of this order and limited to no more than ten double-

---

[1] *See* United States Magistrate Judge Sean C. Riordan (SCR) - New CAED, Civil Standing Orders at 3.

[2] Plaintiff is encouraged to review carefully Defendants' authority finding initial disclosure "computations" to be deficient when they fail to include information about the analysis used and evidence relied upon. ECF No. 41 at 9, 11. If, after any further meet-and-confer process, the parties have an ongoing dispute about the adequacy of Plaintiff's initial disclosures, the undersigned encourages them to address it through an IDC.

spaced pages. Defendants' response should focus on Defendants' failure to meet and confer before filing the Discovery Motion on March 7 and Defendants' decision to charge forward with the Discovery Motion, without conferring with Plaintiff, even after receiving the Further Initial Disclosures on March 14.[3]

### III.  CONCLUSION

The Court hereby **ORDERS**:

1. that Defendants' Discovery Motion, inclusive of Defendants' motion for sanctions, be **DENIED** without prejudice; and

2. that Defendants **SHOW CAUSE**, within 14 days of the date of this ORDER as to why the Court should not award Plaintiff $6,650 in attorney's fees as a sanction for failing to meet and confer prior to pursuing the Discovery Motion, and for persevering in that Discovery Motion without an attempt to meet and confer even after receiving the Further Initial Disclosures.

DATED: April 29, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Assuming Defendants had a good faith belief as of March 14 that Plaintiff's Further Initial Disclosures were served a week late, Defendants clearly could have—at that point—meaningfully conferred with Plaintiff on the substance of those disclosures, as opposed to filing a joint statement that sought, among other things, exclusionary sanctions.