1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FIRDOS S. SHEIKH, M.D.,                    No.  2:23-cv-01582-TLN-SCR

12              Plaintiff,

13        v.                                     ORDER

14   SPINNAKER INSURANCE COMPANY,

15              Defendant.

16

17        Before the Court is Plaintiff's *Ex Parte* Application seeking an order requiring that the

18   Rule 30(b)(6) depositions of Defendant Spinnaker Insurance Company ("Spinnaker") and third-

19   party Hippo Analytics Inc. ("Hippo")—formerly a defendant in this action—commence on or

20   before December 15, 2025.[1]  ECF No. 75.  Defendant Spinnaker and third-party Hippo oppose the

21   application.  ECF No. 76.  The Court specially set a hearing on the application on December 1,

22   2025.  At the hearing, Plaintiff clarified that she now seeks an order requiring that the Rule

23   30(b)(6) depositions occur on or before December 19, 2025.

24        As background to the instant dispute, Plaintiff first noticed the Rule 30(b)(6) depositions

25   of Spinnaker and Hippo on April 26, 2025.  Defendants then sought a protective order limiting

26   the scope of those depositions, which the Court granted in part and denied in part through an

27   _____

28   [1]  During the time when both Spinnaker and Hippo were defendants to this action, they are
     referred to together as "Defendants."

                                         1

1    order filed on June 26, 2025.  ECF No. 70.  However, Plaintiff apparently did not immediately

2    seek to reschedule those depositions after the Court's June 26 order.

3        In the meantime, in early August 2025, Defendants informally raised the issue of Hippo's

4    citizenship with Plaintiff, arguing that Hippo's principal place of business is in California (not in

5    Texas, as Plaintiff had alleged), that there consequently was not complete diversity of citizenship

6    between the parties, and that the Court accordingly lacked subject matter jurisdiction.  In the

7    ensuing months, the parties met and conferred periodically—and sometimes intensively—

8    concerning Hippo's principal place of business and subject matter jurisdiction.  *See* ECF No. 75-1

9    (Almadani Decl. & exhibits documenting parties' correspondence); ECF No. 76-1 (Hayek Decl.);

10   ECF Nos. 76-2, 76-3, 76-4 (exhibits documenting parties' correspondence).  By early October

11   2025, the parties agreed to seek an extension of the case management deadlines, premised on an

12   agreement that the Rule 30(b)(6) depositions and Plaintiff's own deposition would be completed

13   by December 15, 2025, and neared agreement on the dismissal of Hippo from the case, pending

14   additional due diligence from Plaintiff's counsel.  Plaintiff ultimately requested dismissal of

15   Hippo on November 21, 2025, a request the Court granted.  ECF Nos. 73-74.

16       On October 8, 2025, about six weeks before Hippo's dismissal, the parties filed a

17   stipulation and proposed order that would, *inter alia*, extend the fact discovery deadline to

18   January 12, 2026.  ECF No. 71 at 3.  The stipulation also stated, as to the timing of the

19   depositions: "Spinnaker will produce witness(es) for deposition pursuant to 30(b)(6) consistent

20   with the Court's current order; Plaintiff will appear for deposition in Sacramento; all to be

21   completed by December 15, 2025."  *Id*. at 2.  Judge Nunley adopted the parties' stipulation as the

22   Court's order on October 9, 2025, stating: "THE COURT has reviewed the parties' above-styled

23   stipulation and finding good cause to approve the stipulation: SO ORDERED."  ECF No. 72 at 4.

24   In short, the Court ordered that fact discovery be completed by January 12, 2026 and the Rule

25   30(b)(6) deposition(s) completed by December 15, 2025.[2]

26   _____

27   [2]  In apparent anticipation that Hippo would be dismissed from the lawsuit, in late September
     2025, Plaintiff issued a subpoena to Hippo setting a Rule 30(b)(6) deposition for October 2, 2025.
28   ECF No. 75-1 at 21 (Exh. 3).  The deposition was not convened on that date.  However, at the
     December 1 hearing, the parties explained that Spinnaker's Rule 30(b)(6) deponent may also be

1    The Court first addresses the enforceability of Judge Nunley's October 9, 2025 order.  If

2   that order is enforceable, Spinnaker would have to produce its Rule 30(b)(6) deponent for

3   deposition by December 15, absent a showing a good cause to modify that deadline.  Spinnaker

4   claims that on account of Hippo being a "citizen" of California, there was not complete diversity

5   of citizenship between Plaintiff and Defendants, and subject matter jurisdiction was lacking at the

6   outset of this case.  Spinnaker argues that this renders all orders issued before November 21

7   (when Hippo was dismissed from the case) void and unenforceable, including the October 9

8   scheduling order.

9    This is a peculiar situation.  Less than two months after voluntarily entering into a

10   stipulation seeking the entry of an order by the Court, Spinnaker argues that specific order is void,

11   despite openly believing at the time of the stipulation that subject matter jurisdiction was lacking.

12   Whether Spinnaker should be equitably or judicially estopped from evading the impact of that

13   order was not briefed by the parties, though it appears courts have refused to apply estoppel

14   principles to disputes about subject matter jurisdiction.[3]  *See, e.g., Hahn v. Privilege Underwriters*

15   *Reciprocal Exchange*, 2021 WL 6062902, at *3 (N.D. Okla. Mar. 17, 2021) (citing cases and

16   treatises); *Palmer v. Comm'r,* 62 F.App'x 682, 685 (7th Cir. 2003) ("[A] party cannot be estopped

17   from contesting subject-matter jurisdiction.").  It also appears that the absence of subject matter

18   jurisdiction may render discovery orders void.  *See Republic of Ecuador v. Connor*, 708 F.3d 651,

19   655 n.6 (5th Cir. 2013) (explaining that if previously obtained discovery orders were issued by

20   courts lacking subject matter jurisdiction, those orders "might well be void").  Accordingly, in an

21   abundance of caution, the Court will not enforce the December 15 deposition deadline from the

22   October 9 scheduling order against Spinnaker.

23    Even assuming the absence of an enforceable scheduling order, the Court could

24   nonetheless enforce the parties' *stipulated agreement* to complete the Rule 30(b)(6) depositions

25   by December 15.  *See* ECF No. 71 at 2 (parties' agreement that, "Spinnaker will produce

26

27   designated as Hippo's subpoenaed Rule 30(b)(6) deponent.
     [3]  The Court notes that Spinnaker has already obtained a benefit from the December 15 deadline
28   in the scheduling order, in the form of the scheduling of Plaintiff's deposition for December 10.

3

1   witness(es) for deposition pursuant to 30(b)(6) consistent with the Court's current order; Plaintiff

2   will appear for deposition in Sacramento; all to be completed by December 15, 2025."");

3   *Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 478 (S.D. Ohio 2014) (noting federal

4   courts' authority to enforce parties' stipulated agreements concerning discovery).  Despite this

5   agreement, Spinnaker claims that it cannot identify, designate, and prepare a Rule 30(b)(6)

6   deponent by December 15, or even December 19.  At the hearing, Spinnaker instead committed to

7   holding the Rule 30(b)(6) deposition(s) the week of January 5, 2026, which is still within the fact

8   discovery deadline of January 12, 2026.  Spinnaker also committed to responding to Plaintiff's

9   additional discovery requests that might follow from the Rule 30(b)(6) deposition, even if the fact

10  discovery deadline has already run.  In light of these commitments, and despite the fact that most

11  of Spinnaker's reasons for refusing to produce a Rule 30(b)(6) deponent by December 19 are

12  flawed,[4] the Court will order the Rule 30(b)(6) deposition to occur no later than the week of

13  January 5.

14          To the extent that the good cause standard applies to this situation, there is good cause on

15  account of (1) the reported departure of the previously identified Rule 30(b)(6) deponent from

16  Spinnaker, and (2) the fact that Plaintiff did not request the dismissal of Hippo from this action

17  until November 21.  As the parties' correspondence makes clear, Plaintiff's delay left Spinnaker

18  unsure of whether it would have to file a motion to dismiss for lack of subject matter jurisdiction

19  and whether the December depositions would go forward as planned, making the immediate

20  identification and preparation of Rule 30(b)(6) deponent difficult.  Most importantly, in light of

21  the commitments made by Spinnaker, there is no prejudice to Plaintiff in moving the Rule

22  ───────────────

23  [4]  Among the flaws to Spinnaker's argument is that despite having two experienced co-counsel in the case, counsel David Hayek apparently believes he cannot delegate preparation of the Rule 30(b)(6) deponent to those co-counsel.  Relatedly, counsel Hayek stated at the hearing that his upcoming trial schedule prevents the Rule 30(b)(6) deposition from being held by December 19. However, witness testimony in the trial will reportedly commence on December 22 and the trial is scheduled to take eight to ten court days.  Given court holidays, trial could accordingly spill into the week of January 5, 2026.  The Court pointed out to counsel Hayek that he is apparently setting himself up to have less time to prepare the Rule 30(b)(6) witness than he would if the deposition were to convene on or before December 19.  Counsel Hayek nonetheless insisted that moving the deposition to January 2026 is necessary and assured the Court that the witness would be prepared at that point.

4

1    30(b)(6) deposition to the week of January 5.

2        Beyond resolution of the instant dispute, the Court admonishes counsel to act with civility

3    towards each other.  In the pleadings, in meet and confer correspondence, and at the December 1

4    hearing, counsel variously characterized each other's litigation tactics as involving bad faith and

5    engaged in what were effectively personal attacks on each other.

6        Finally, the Court notes that Spinnaker's counsel misstated in his declaration that Plaintiff

7    failed to appear for a deposition noticed for November 20, 2025.  ECF No. 76-1, Hayek Decl. ¶ 7.

8    In fact, Plaintiff served formal objections on November 12 noting that she and counsel were

9    unavailable on that date.  ECF No. 79-1.  Spinnaker's counsel was well aware of Plaintiff's

10   unavailability because the parties exchanged emails before November 20 concerning the

11   rescheduling of the deposition.  ECF No. 75-1 at 60-62.  Spinnaker's counsel repeated this

12   misstatement about Plaintiff failing to appear for her deposition at the December 1 hearing.  The

13   Court will not hesitate to issue an order to show cause as to why sanctions should not be imposed

14   should counsel in the future present the court with similar misstatements.

15       For the reasons provided above, **IT IS HEREBY ORDERED:**

16       1. Plaintiff's *Ex Parte* Application is DENIED.

17       2. Spinnaker shall prepare its Rule 30(b)(6) deponent for a deposition to occur no later

18   than the week of January 5, 2026.

19       3. Spinnaker shall respond to additional fact discovery propounded within a reasonable

20   time after the Rule 30(b)(6) deposition, and which relates to the testimony provided at that

21   deposition, and may not object on the basis that such discovery is sought beyond the deadline

22   for fact discovery.

23       SO ORDERED.

24   DATED: December 2, 2025

25

26

27   SEAN C. RIORDAN
     UNITED STATES MAGISTRATE JUDGE

28

5