1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FIRDOS S. SHEIKH, M.D.,                    No.  2:23-cv-01582-TLN-SCR

12                     Plaintiff,

13           v.                                  ORDER & ORDER TO SHOW CAUSE

14    SPINNAKER INSURANCE COMPANY,

15                     Defendant.

16

17           Before the Court is Plaintiff's *Ex Parte* Application, filed on December 12, 2025, seeking

18    an order requiring Defendant Spinnaker Insurance Company ("Spinnaker") and former defendant

19    Hippo Analytics, Inc. ("Hippo") and their counsel to produce documents without redactions in

20    advance of upcoming depositions.[1]  ECF No. 84.  Defendant Spinnaker filed an opposition on

21    December 18, 2025, which also seeks monetary sanctions against Plaintiff and her counsel.[2]  ECF

22    No. 86.  Plaintiff filed a reply brief on December 19, 2025.

23

24    _____
      [1] Plaintiff's *Ex Parte* Application sought other relief that the Court resolved pursuant to a minute
25    order on December 15, 2025.  ECF No. 85.
      [2] Defendant notes that the undersigned's December 3 order was directed only at Spinnaker.  ECF
26    No. 86 at 18 & n.2.  That was not an oversight but rather a reflection that (1) Hippo is no longer a
      party to this action and (2) the *ex parte* application underlying that order did not clearly indicate a
27    basis for the Court to direct an order to Hippo itself, given that the subpoenaed date for Hippo's
      deposition had passed and Hippo appeared to be cooperating on the scheduling of its Rule
28    30(b)(6) deposition.

                                                     1

The crux of the dispute is whether and to what extent Spinnaker has waived attorney-client privilege concerning communications with its outside counsel, Todd Austin, through its assertion of an advice of counsel defense. The dispute also concerns Spinnaker's alleged redactions of loss reserve information.

The Court **DENIES** the *Ex Parte* Application without prejudice because Plaintiff failed to meet and confer as required and failed to pursue relief through the ordinary discovery process dictated by the District's Local Rules. The Court also **ORDERS** Plaintiff and Plaintiff's counsel to show cause as to why they should not be sanctioned for filing a discovery motion without meaningfully meeting and conferring and for presenting false information about a non-existent transcript.

**DISCOVERY ORDER**

Plaintiff did not meaningfully meet and confer in advance of filing the *Ex Parte* Application.[3] The defenses, redactions, and withholdings at issue in the *Ex Parte* Application were apparently disclosed to Plaintiff through documents served on February 17, 2025 (ECF No. 86-1 at 26, Link to Spinnaker Production); April 2, 2025 (ECF 84-1 at 6, Spinnaker's Amended Responses to Plaintiff's Interrogatories); and June 30, 2025 (ECF No. 86-1 at 42, Link to Austin Production). Yet it appears that Plaintiff did not seek to address this issue with opposing counsel until December 10, 2025, through a conversation after Plaintiff's deposition. ECF No. 84-1, Almadani Decl. ¶ 2; ECF No. 86-1, Hayek Decl. ¶ 2-3. On December 11, 2025, in an email time stamped 6:19 p.m., Plaintiff's counsel then emailed one of Spinnaker's three counsel of record, David Hayek, and put forward arguments as to the advice of counsel waiver and the loss reserve information. ECF No. 86-1 at 8. That email stated that Plaintiff's counsel "will be filing an *ex parte* application requesting … production by December 29." *Id.* It further stated that unless, by 11 a.m. the following day, Spinnaker makes "a full commitment to provide all communications

---

[3] The Court's analysis focuses on the disputes that were not adjudicated through the minute order at ECF No. 85. However, it now appears that Plaintiff could have resolved the scheduling of the Rule 30(b)(6) depositions without seeking *ex parte* relief. Counsel for Spinnaker had already disclosed the date of one of those depositions in advance of the filing of the *Ex Parte* Application and had indicated he would likely be able to provide the other later that day.

1   with Clinton and Clinton [Austin's firm] and the produced documents removing redactions

2   relating to Clinton and Clinton and reserve information by December 29, I will have no choice

3   but to file and [sic] application and also seek sanctions." *Id.*

4        On December 12, in an email stamped with the time of 11:00 a.m., Mr. Hayek, now

5   including the other counsel of record, responded that he had told Plaintiff's counsel at the

6   deposition that he was not involved in the production of the contested documents and that

7   Plaintiff's counsel should "reach out to my colleagues to meet and confer on that issue." ECF

8   No. 86-1 at 11. Mr. Hayek noted that Plaintiff had "not identified any specific redaction or

9   privilege log entry … making it impossible for Spinnaker to evaluate whether an objection to any

10  particular redaction (or corresponding entry in the privilege log) is valid." *Id.* Mr. Hayek stated

11  that, "Either I or my colleagues will review the cases you have cited in your email … and perform

12  our own due diligence and get back to you once you identify … those redaction(s) Plaintiff

13  believes are not well taken." *Id.* Mr. Hayek also noted that Plaintiff had not referenced

14  California law—which governs the dispute—in the December 11 email. Mr. Hayek further noted

15  that Plaintiff had not explained why an *ex parte* "proceeding is appropriate," as opposed to "the

16  normal process for discovery motions[.]"[4] *Id.*

17       There is nothing in the record indicating that Plaintiff's counsel attempted to further meet

18  and confer with Spinnaker's counsel on December 12. Plaintiff filed the *Ex Parte* Application at

19  1:38 p.m. that day.

20       A party moving for an "order compelling disclosure or discovery" must "certif[y] that the

21  movant has in good faith conferred or attempted to confer with the person or party failing to make

22  disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

23  The Local Rules of this District further implement this requirement as follows:

24       **Requirement of Conferring.** Except as hereinafter set forth, a motion made
         pursuant to Fed. R. Civ. P. 26 through 37 and 45, including any motion to exceed
25       discovery limitations or motion for protective order, shall not be heard unless (1) the
         parties have conferred and attempted to resolve their differences, and (2) the parties have
26       set forth their differences and the bases therefor in a Joint Statement re Discovery

27  _____

28  [4] Mr. Hayek's email also anticipated providing dates for the Rule 30(b)(6) depositions that day.
    ECF No. 86-1 at 12.

> Disagreement.  Counsel for all interested parties shall confer in advance of the filing of
> The motion or in advance of the hearing of the motion in a good faith effort to resolve the
> differences that are the subject of the motion.  Counsel for the moving party or
> Prospective moving party shall be responsible for arranging the conference, which shall be
> held at a time and place and in a manner mutually convenient to counsel.

L.R. 251(b).  Moreover, the undersigned's Civil Standing Orders explain how Local Rule 251's meet-and-confer requirements may be satisfied: "For discovery matters where all parties raising the discovery matter are represented by counsel, the requirement to confer under Local Rule 251 must be done through communication that occurs in-person, by phone, or by video.  Written communication alone does not satisfy the requirement to confer where all parties raising the discovery matter are represented by counsel.  Judge Riordan strictly enforces these confer requirements."[5]

While Plaintiff <u>began</u> the meet and confer process by generally identifying the contested issues with opposing counsel and following up with an email, she did not complete that process.  In particular, she did not seek to further confer despite the commitment, in Mr. Hayek's email of December 12, that Spinnaker would "review the cases you have cited in your email … and perform our own due diligence and get back to you once you identify … those redaction(s) Plaintiff believes are not well taken."  *Id.*  Moreover, Plaintiff's failure to engage with the issues raised in Mr. Hayek's email of December 12 prevented the meet and confer from being meaningful.  Plaintiff apparently did not seek to confer directly with Spinnaker's attorneys who Mr. Hayek indicated were responsible for the contested productions; did not respond to the request to identify specific contested documents, redactions, and privilege logs; and did not respond to the issue of whether state or federal privilege law governs the dispute.  Finally, Plaintiff did not meaningfully confer in-person, by phone, or by video—the brief discussion with Mr. Hayek at the end of Plaintiff's deposition, without a prior communication to sharpen the issues of contention, did not suffice.

A good faith meet-and-confer process might have resolved or narrowed the dispute, given that Spinnaker appears to agree that some waiver of privilege is appropriate in light of the advice

---

[5] *See* <u>United States Magistrate Judge Sean C. Riordan (SCR) - New CAED</u>, Civil Standing Orders at 3.

of counsel defense.  *See* ECF No. 86 at 15:6-17.  Avoiding needless litigation is the purpose of the meet-and-confer requirement set out in Rule 37(a)(1) and Local Rule 251(b).  The unresolved portions of Plaintiff's *Ex Parte* Application will accordingly be denied without prejudice.  *Akkawi v. Sadr*, No. 2:20-cv-01034 MCE AC, 2022 WL 2442234, at *1 (E.D. Cal. July 5, 2022) (where a party fails to comply with Local Rule 251, discovery motions are typically denied without prejudice to re-filing).

Plaintiff's application also improperly evades required procedures and timelines.  Under this District's Local Rules, discovery disputes that cannot be resolved through a meet and confer process may be heard on a 21-day timeline.  L.R. 251(a).  That timeline may be accelerated to hearing within seven days when the notice of motion and motion are filed concurrently with the required joint statement.  *Id.*  In short, discovery motions are by default accelerated relative to other motions and can be accelerated further by good planning and coordination in the preparation of a joint statement.  Had Plaintiff proceeded under the Local Rules, she might have seen this dispute resolved in advance of the target disclosure date of December 29.

While parties may at times need to seek discovery relief on an *ex parte* basis, that should occur only under exceptional circumstances.  As in other contexts, whether the party seeking *ex parte* relief has been diligent is properly a part of the inquiry as to whether such relief is warranted.  *Cf.* C.D. Cal. L.R. 37-3 ("no discovery motions may be filed or heard on an *ex parte* basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party").  Courts would otherwise be inviting parties to seek *ex parte* relief for crises of their own making.

To the extent Plaintiff seeks to resolve this dispute through a further meet and confer with Spinnaker's counsel, the Court trusts that Spinnaker's counsel will engage in good faith and promptly produce or reproduce (without redactions) any records that properly should be disclosed in light of applicable law.  The parties are reminded that the Court's informal telephonic discovery conference process remains an option.

////

////

1    **ORDER TO SHOW CAUSE**

2    Spinnaker seeks $3,900 in attorneys' fees as a sanction.  ECF No. 86 at 21.  In light of the

3    Court's findings above, Plaintiff will be ordered to show cause ("OSC") as to why such a sanction

4    should not issue.  *See Puckett v. Cnty. of Sacramento*, No. 2:22-cv-00350-KJM-DB 2024 U.S.

5    Dist. LEXIS 75679, at *5 (E.D. Cal. April 24, 2024) (even where dispute concerned issue that

6    had been the subject of a prior discovery proceeding, "the court finds the magistrate judge did not

7    commit clear error or make any decisions contrary to law in awarding sanctions because meet and

8    confer requirements were not satisfied").[6]

9    Plaintiff's counsel should also show cause as to why he should not be sanctioned for citing

10    to a non-existent transcript.  Plaintiff's reply relies on a purported "December 2 hearing

11    transcript" that "show[s] that Defense Counsel led the Court and Plaintiff's Counsel to believe

12    that he would be providing" dates for the Rule 30(b)(6) depositions at the end of the week of

13    December 2.  ECF No. 87 at 2.  There is no such transcript.  The docket entry to which Plaintiff

14    refers here, ECF No. 82, is *the Court's own request* for a transcript of the hearing held on April

15    24, 2025, and clearly marked as such.  More concerning than the assertion that such a transcript

16    exists is the assertion that a substantive fact—Spinnaker's counsel's purported position—is

17    contained within that non-existent transcript.  Under Rule 11(b)(3), an attorney who signs a legal

18    document certifies that "the factual contents have evidentiary support[.]"  If the Court determines

19    that Rule 11(b) has been violated, "after notice and a reasonable opportunity to respond ... the

20    court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule

21    or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).

22    Plaintiff's response to the OSC shall be filed within 14 days of the date of this order and

23    limited to no more than ten double-spaced pages.

---

25    [6] Because the Court is denying Plaintiff relief, the Court will not entertain Plaintiff's request for sanctions against Spinnaker.  While the Court understands Plaintiff's complaint about Spinnaker's disclosure of certain information concerning her professional and financial circumstances, and finds that disclosure unnecessary and distasteful, Plaintiff has not cited authority suggesting it is sanctionable.  If Plaintiff believes there are independent grounds for sanctioning Defendant for such disclosure, Plaintiff may pursue such sanctions through a noticed motion before the District Judge.

1     **SO ORDERED.**

2   DATED: December 23, 2025

3

4                                       

5                   SEAN C. RIORDAN
                  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28