UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIRDOS S. SHEIKH, M.D.,

Plaintiff,

v.

SPINNAKER INSURANCE COMPANY,

Defendant.

No.  2:23-cv-01582-TLN-SCR

ORDER

Defendant Spinnaker Insurance Company has asserted an advice of counsel defense.  The parties agree that this constitutes a waiver of attorney-client privilege as to that advice.  But the parties dispute whether the waiver also extends to related communications, a dispute brought before the undersigned through letter briefing and an informal telephonic discovery conference ("IDC").  ECF No. 99.  After the IDC, the Court ordered the parties submit supplemental briefs "as to whether and how fairness principles, as discussed in *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 929 (N.D.Cal.1976) and Fed. R. Evid. 502(a), apply in this case[.]" ECF No. 100.  The parties filed their supplemental briefs on February 2, 2026.  ECF Nos. 103, 104.  Defendant also voluntarily submitted for *in camera* review an unredacted version of the letter originally filed in ECF No. 99-1 at 12-19.

This dispute concerns two sets of documents: (1) two opinion letters from Clinton & Clinton, a law firm, relating to the second fire at Plaintiff's property (ECF No. 99-1 at 2-19), and

1

(2) emails exchanged between lawyers and the representatives from Hippo (who apparently also represented Defendant) to whom the earlier opinion letters had been addressed (ECF No. 99 at 20-40).  Plaintiff seeks disclosure of unredacted versions of these documents.  Defendant objects to *in camera* review and asserts that any waiver of privilege must be "narrowly defined."  ECF No. 103 at 2-3 (quoting *Transamerica Title Ins. Co. v. Superior Court*, 188 Cal.App.3d 1047, 1052-53 (1987)).

The Court is exercising diversity jurisdiction over the state law claims in this case. California law applies regarding the existence and scope of attorney-client privilege.  *See In re California Pub. Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) ("In diversity actions, questions of privilege are controlled by state law."); Fed. R. Evid. 501 (establishing that in civil cases, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision").  Defendant contends that because "California state law governs a claim of privilege," including "the scope of an evidentiary privilege," state law also governs the scope of any *waiver* of such privilege.  ECF No. 103 at 2 (quoting *Iroquois Master Fund, Ltd. v. Global ePoint, Inc.*, No. CV 08-7761 UA (SSx), 2018 U.S. Dist. LEXIS 227171, at *12 (C.D. Cal. Jan. 9, 2018)).  While that might be the more coherent and desirable approach, it is not the one dictated by Federal Rule of Evidence ("FRE") 502.

FRE 502 was enacted in part to effectively eliminate subject matter waivers of attorney-client privilege and work product protection.[1]  FRE 502(a) provides:

> **Disclosure Made in a Federal Proceeding or to a Federal Office or Agency; Scope of a Waiver.** When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:
>
> (1) the waiver is intentional;

---

[1] Prior to the enactment of FRE 502 in 2008, the predominant rule in several federal circuits, including within the Ninth Circuit, had been that "voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject." *Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981).  The rule from *Weil* "was modified when Rule 502(a) was adopted in 2008." *Gateway Deliveries, LLC v. Mattress Liquidators, Inc.*, No. 2:14-cv-02033 JWS, 2016 WL 232427, at *2 (D. Ariz. Jan. 20, 2016).

(2) the disclosed and undisclosed communications or information concern the same subject matter; and

(3) they ought in fairness to be considered together.

Under FRE 502, "subject matter waiver is limited to situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner." FRE 502(a), Advisory Committee Notes. "The idea is to limit subject matter waiver to situations in which the privilege holder seeks to use the disclosed material for advantage in the litigation but to invoke the privilege to deny its adversary access to additional materials that could provide an important context for proper understanding of the privileged materials." 8 Charles Alan Wright, et al., Federal Practice and Procedure § 2016.2 (3d ed., 2010 update). As long as the party asserting the privilege "is not selectively and misleadingly presenting the disclosed materials as evidence[,]" FRE 502 protects against a subject matter waiver. *Gateway*, 2016 WL 232427, at *3.

FRE 502(f) further clarifies, "notwithstanding Rule 501, this rule applies even if state law provides the rule of decision." Federal courts have unwaveringly applied Rule 502 to determine the scope of a waiver in diversity jurisdiction cases like this one. *See Attia v. Oura Ring, Inc.*, No. 23-cv-03433-HSG (LJC), 2025 WL 2962866, at *4 n.3 (N.D. Cal. Oct. 21, 2025) ("[I]f the Court determines that there has been a waiver, it would consider federal law to determine the scope of the waiver."); *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 471 n.2 (N.D. Cal. 2012) ("The Federal Rules of Evidence govern the scope of waiver even if state law provides the rule of decision."). Defendant does not cite a case to the contrary. If there has been an "intentional" waiver, the Court must determine whether "the disclosed and undisclosed communications or information concern the same subject matter" and "whether they ought in fairness to be considered together." FRE 502(a).

This brings the Court to Defendant's more substantial contention: that FRE 502 "governs only certain waivers by disclosure," and does not apply to "common law waiver doctrines relating to waiver of attorney/client privilege, including assertion of advice of counsel." ECF No. 103 at 3 (emphasis in original). Defendant does not cite any case law on whether an advice of counsel

/////

3

defense is a "disclosure" within the scope of FRE 502, but cites the Advisory Committee Notes, which include the following:

> The rule governs only certain waivers by disclosure. Other common-law waiver doctrines may result in a finding of waiver even where there is no disclosure of privileged information or work product. *See, e.g., Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir. 1999) (reliance on an advice of counsel defense waives the privilege with respect to attorney-client communications pertinent to that defense) … . The rule is not intended to displace or modify federal common law concerning waiver of privilege or work product where no disclosure has been made.

By distinguishing "waivers by disclosure" from "[o]ther common-law waiver doctrines" like the advice of counsel doctrine, the Advisory Committee suggests that the latter is not subject to FRE 502(a).

Plaintiff does not squarely address whether assertion of an advice of counsel defense is a "disclosure" within the scope of FRE 502(a). However, as Plaintiff points out, *Mungia-Brown v. Equity Residential*, 337 F.R.D. 509 (N.D. Cal. 2021), involved what was in substance an advice of counsel defense. The court in that case applied FRE 502(a)(3) to require "in fairness" the disclosure of additional materials related to that advice, beyond the "selective disclosures" initially made by the defendant. *Mungia-Brown*, 337 F.R.D. at 513, 517. *Mungia-Brown* thus suggests that an advice of counsel defense is a disclosure covered by FRE 502(a). Moreover, the Statement of Congressional Intent indicates Congress' understanding that FRE 502(a) would cover invocations of an advice-of-counsel defense:

> This subdivision [(a)(1)] does not alter the substantive law regarding when a party's strategic use in litigation of otherwise privileged information obliges that party to waive the privilege regarding other information concerning the same subject matter, so that the information being used can be fairly considered in context. One situation in which this issue arises, the assertion as a defense in patent-infringement litigation that a party was relying on advice of counsel, is discussed elsewhere in this Note. In this and similar situations, under subdivision (a)(1) the party using an attorney-client communication to its advantage in the litigation has, in so doing, intentionally waived the privilege as to other communications concerning the same subject matter, regardless of the circumstances in which the communication being so used was initially disclosed.

In short, court practice and Congressional intent demonstrate that the waiver at issue here may properly be evaluated under FRE 502(a).

The undersigned concludes that assertion of an advice of counsel defense should be treated as a "disclosure" subject to FRE 502(a). Any other conclusion would lead to the bizarre

and mind-numbing result that FRE 502(a) would apply to determine the scope of a waiver concerning an intentional disclosure of an opinion letter containing advice of counsel, while state law would otherwise apply to determine the scope of a waiver concerning an advice of counsel defense.  In any event, the purported distinction between a "disclosure" and the assertion of a common-law defense in the abstract is academic under the circumstances of this dispute.  Defendant has already disclosed advice of counsel letters, albeit with redactions.  The Court will apply FRE 502(a) to determine whether redacted content from the contested documents "concern the same subject matter" and "whether they ought in fairness to be considered together" such that they must be disclosed to Plaintiff.

Defendant objects that California law prohibits the Court "from engaging in *in camera* review of communication claimed to be privileged to allow a ruling on the claim of privilege." ECF No. 3.  But Defendant's authority for this point, *Costco Wholesale Corp. v. Superior Court*, expressly states, "*after the court has determined the privilege is waived* or an exception applies generally, *the court to protect the claimant's privacy may conduct or order an in camera review of the communication at issue to determine if some protection is warranted notwithstanding the waiver*[.]" 47 Cal. 4th 725, 740 (2009) (emphasis added).[2]  State law poses no obstacle to *in camera* review for the purposes here.

Finally, Defendant objects that the contested communications also involve attorney-client privilege held by non-party Topa Insurance Company ("Topa").  ECF No. 104 at 3.  However, the only listed recipients of the opinion letters from John McDevitt are Amy Spencer, Property & Liability Adjuster for Hippo Insurance Services, and Emily Hvizdos, Senior Manager for Claims Litigation.  ECF No. 99-1 at 5, 19.  By their content, the letters purport to advise only Hippo.  *Id.* at 5.  Similarly, the emails are among Hvizdos, Spencer, McDevitt, and Todd Austin, an attorney who conducted Plaintiff's examination under oath.  Topa cannot claim attorney-client privilege

---

[2] *Eugenio v. Sempra Energy*, No. 10-cv-1513-CAB (KSC), 2015 U.S. Dist. LEXIS 184474, at *47 (S.D. Cal. June 10, 2015), is not on point.  In that case, the court found that there was "insufficient evidence" that "defendant has deliberately injected an advice of counsel defense into this case." *Id*.  Absent an implied waiver of attorney-client privilege, court could not conclude that "in camera review of defendant's privileged documents would be appropriate under California law." *Id*.  Here the parties agree there has been such a waiver.

over a communication to which it was not a party.  Moreover, the unredacted opinion letter submitted voluntarily by Defendant for *in camera* review did not include any secondary privileged communication between Topa and counsel—i.e., it did not include any embedded earlier advice that McDevitt might have provided Topa.  For these reasons, the undersigned has no concern that *in camera* review of the contested materials would impermissibly invade Topa's privilege.

Accordingly, the Court ORDERS Defendant to submit for *in camera* review unredacted versions of the documents at ECF No. 99-1 at 4-11 and 21-40 so that the Court may determine whether they should be disclosed to Plaintiff pursuant to the criteria at FRE 502(a).  Defendant need not resubmit an unredacted version of the opinion letter at ECF No 99-1 at 12-19. Defendant shall make such submission within 14 days of the date of this order by email to scrorder@caed.uscourts.gov.

**SO ORDERED.**

DATED: March 4, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6