UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRDOS S. SHEIKH, M.D., | No.  2:23-cv-1582-TLN-SCR |
| Plaintiff, | |
| v. | ORDER |
| SPINNAKER INSURANCE COMPANY, | |
| Defendant. | |

On April 30, 2025, the undersigned denied Defendant Spinnaker Insurance Company's motion to compel Plaintiff to complete initial disclosures.  ECF No. 51.  Because Defendant had not met and conferred with Plaintiff even after Plaintiff served amended initial disclosures, the Court ordered Defendant to show cause ("OSC") as to why it should not be sanctioned for continuing to pursue the motion despite such failure to meet and confer.  *Id.* at 4-5.  Although Plaintiff initially sought $6,650 in sanctions to compensate for seven hours of time counsel spent opposing the motion (ECF No. 51 at 4; ECF No. 53 at 1), Plaintiff then adjusted the amount to $4,550 based on a reduced hourly rate of $650 (ECF No. 53 at 1-2).  Defendant responded to the OSC on May 13, 2025 (ECF No. 59), and reasserted this response after the Court reissued the OSC (ECF Nos. 83, 89).

For the reasons below, the Court finds that Defendant has failed to demonstrate why this OSC should be discharged, and sanctions Defendant and counsel for the requested $4,550.

1

## I.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide that:

> [if] the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

More broadly, the Federal Rules of Civil Procedure provide that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.,* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). The Court also possesses inherent authority to impose sanctions so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.

## II.    ANALYSIS

### A.  Merits of the Sanction

The Local Rules prohibit the hearing of any discovery motion made under Fed. R. Civ. P. 26 through 37 or 45 unless "(1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement." E.D. Cal. L.R. 251(b).  The "requirement for a Joint

Statement" does not apply "(1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions." E.D. Cal. L.R. 251(e). Based on this exception in Local Rule 251(e), Defendant raises two arguments as to why its conduct prior to the motion to compel supplemental disclosures does not warrant any sanctions.

Defendant first argues that when it filed its motion to compel on March 14, 2025, it reasonably believed that Plaintiff had not propounded any supplementary responses. ECF No. 59 at 6, 9. Defendant therefore believed that under Local Rule 251(e), Plaintiff's categorical failure to respond exempted this motion from any meet and confer requirements that otherwise applied. *Id.* at 8-9. Upon receiving supplemental responses with the assertion that Plaintiff had previously sent them on the March 7 deadline, Defendant demanded proof to that effect. *Id.* at 6. It now argues that by providing only a ".pdf" copy of the purported March 7 email, Plaintiff failed to support this claim with the metadata that would confirm this email was actually sent. *Id.*

When denying the motion to compel, the undersigned reviewed Plaintiff's March 7 email and held that "[n]othing about the email suggests it is not authentic." ECF No. 51 at 3. The Court has no reason to revisit this conclusion. Nor does Defendant cite any authority suggesting it was entitled to the demanded metadata before conceding that the responses were timely and focusing on whether they were adequate. Attempting to aggressively contest the timeliness of Plaintiff's responses as to avoid engaging with the merits thereof was unreasonable.

Defendant then argues that upon reviewing the responses and nevertheless finding them inadequate, it converted the motion to compel further responses into a motion "to preclude evidence relating to any category of damage as to which Plaintiff had not provided a 'computation' in compliance with Rule 26(a)(1)(A)(iii)." ECF No. 59 at 10 (emphasis removed). This does not mean that the motion was "*not* a discovery motion" under the Local Rules, as Defendant claims. *Id.* The meet-and-confer applies to any motion "made pursuant to Fed. R. Civ. P. 26 through 37 and 45." E.D. Cal. L.R. 251(b). Fed. R. Civ. P. 37(c)(1), in turn, precludes the use of any information that a party failed to include in its initial or supplemental disclosures when required to do so. Courts may also order the responding party to reimburse the opposing

3

party for attorney's fees and costs incurred via a motion for such preclusion.  Fed. R. Civ. P. 37(c)(1)(A).  This is exactly the remedy Defendant sought.  ECF No. 59 at 10.

Alternatively, Defendant argues that this falls under the second scenario articulated in Local Rule 251(e), because "the only relief sought by the motion is the imposition of sanctions." ECF No. 59 at 10; E.D. Cal. L.R. 251(e).  This rule, however, starts by specifically saying that the "requirement *for a Joint Statement re Discovery Disagreement* shall not apply" if this is the case. E.D. Cal. L.R. 251(e) (emphasis added).  Other magistrate judges have interpreted this to mean that although "the requirement for a Joint Statement may be excused, the requirement to meet and confer specifically on the subject of the motion, may not."  *D.M. v. County of Merced*, Case No. 1:20-cv-00409-NONE-SAB, 2021 WL 4206766, at *8 (E.D. Cal. Sep. 16, 2021).

Defendant's argument for an alternative interpretation of subsections (b) and (e) is at best incomplete.  It cites the canon against surplusage to argue that Local Rule 251(b)'s opening phrase, "Except as hereinafter set forth," must reference the circumstances outlined in Local Rule 251(e).  ECF No. 59 at 9.  However, interpreting this exception as only affecting one of the two requirements under Local Rule 251(b) – the duty to submit a joint statement, but not the duty to meet and confer – still avoids surplusage.

Defendant fails to demonstrate that it was exempt from the meet and confer requirement. The failure to meet and confer merits sanctions.

## B.      Reasonableness of Fee

Defendant argues that Plaintiff's failure to disclose the basis of attorney's fees calculated as part of the damages in this action effectively keeps Defendant from challenging the basis of the desired sanctions.  ECF No. 59 at 11.  Defendant cites *Byers v. Superior Court*'s holding that when a party seeks attorney's fees as a class of damages for an insurer's breach of the covenant of good faith and fair dealing, any attorney-client privilege is waived as to fee agreements and invoices relevant to calculating such damages.  *Id.* at 11-12 (citing 101 Cal.App.5th 1003, 1006 (Cal. Ct. App. 2024)).  Defendant provides no authority for conflating the evidentiary standards for final damages in an insurance case under California law with those for seeking sanctions

////

4

following denial of a discovery motion, particularly when the latter stems from rules of federal procedure.

Defendant then argues that the $950 hourly rate originally asserted by Plaintiff's counsel, Yasin Almadani, is unreasonable.  ECF No. 59 at 12.  Although Almadani has 19 years of experience, most of this was either in criminal or civil forfeiture cases.  *Id.*; ECF No. 59-1 at 3.  Almadani subsequently reduced the sanctions request based on an amended rate of $650 per hour, but Defendant argues that this remains too high for his first insurance case.  ECF No. 59 at 13.  Defendant further argues that because the court's OSC specifically asked "why the Court should not award Plaintiff $6,650 in attorney's fees[,]" sanctioning Defendant for any other amount would violate due process.  ECF Nos. 51 at 5, 59 at 14.

That counsel for Plaintiff is inexperienced in this particular area of law is irrelevant when, as here, the basis for sanctions is Defendant's failure to follow procedural rules that do not hinge on the subject matter of the discovery at issue.  In such a context, the Court finds the amended hourly rate of $650 reasonable, as well as the overall sanctions amount of $4,550 based on Almadani's assertion that he spent seven hours on this matter.  ECF No. 53 at 1-2.

Nor does due process require additional discovery on the basis of the asserted attorney's fees, as Defendant requests.  ECF No. 59 at 14.  Providing the opportunity to respond after receiving notice that monetary sanctions could be awarded, as here, satisfies due process requirements.  *See Paladin Assocs., Inc. v. Montana Power Co.,* 328 F.3d 1145, 1164 (9th Cir. 2003).  Defendant has not shown that the requested sanctions amount is too high.  Providing another opportunity to do so, and ordering additional discovery to that effect, is an unwarranted use of judicial resources and of the parties' time.

### III.    CONCLUSION

Accordingly, Defendant Spinnaker Insurance Company and its counsel are jointly and severally liable to pay Plaintiff's reasonable attorney's fees.  **IT IS HEREBY ORDERED** that

////

////

////

5

they shall pay Plaintiff reasonable attorney's fees in the amount of $4,550, **within fourteen (14) days** of entry of this order.

DATED: June 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6