UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIRDOS S. SHEIKH, M.D.,

Plaintiff,

v.

SPINNAKER INSURANCE COMPANY,

Defendant.

No.  2:23-cv-1582-TLN-SCR

ORDER

On December 23, 2025, the Court denied Plaintiff's *ex parte* application to compel Defendant production of documents without redactions in advance of upcoming depositions. ECF No. 90 at 1-2.  The Court found that Plaintiff failed to meet and confer, or to otherwise pursue relief through the ordinary discovery process, before filing the application.  *Id.* at 2. Plaintiff had also cited to a purported "December 2 hearing transcript" in her reply brief, but the citation was in reality the Court's own request for the transcript of an April 24, 2025 hearing.  *Id.* at 6.  Plaintiff was ordered to show cause ("OSC") as to why the Court should not grant Defendant Spinnaker Insurance Company's request for $3,900 in sanctions.  *Id.*  Plaintiff responded to this OSC on January 6, 2026.  ECF No. 91.

For the reasons below, the Court finds that Plaintiff has failed to demonstrate why this OSC should be completely discharged, and sanctions Plaintiff for $3,900.

////

1

## I.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide that:

> [if] the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed . R. Civ. P. 37(a)(5)(B).

More broadly, the Federal Rules of Civil Procedure provide that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.,* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.

## II.     ANALYSIS

Appropriately, Plaintiff's response to the OSC focuses on addressing the two reasons the Court outlined for potentially sanctioning her. Of these, the Court agrees that the citation to its transcript request was an excusable error. ECF No. 91 at 2. Specifically, Plaintiff asserts that it misread the December transcript request as being for the hearing that had occurred earlier that week, and wanted some way to reference Defendant's assertion during that hearing that it would

provide deposition dates by December 5. *Id.* In the absence of an actual transcript to cite, the Court is sympathetic to Plaintiff's confusion and discharges the OSC as to that error.

Less convincing is Plaintiff's argument that she had in fact fulfilled her duty to meet and confer prior to filing the *ex parte* application. As a threshold matter, the Local Rules require that the parties "confer[] and attempt[] to resolve their differences" before a party files a discovery motion. E.D. Cal. L.R. 251(b). Any meet and confer efforts after Plaintiff filed the application on December 12, 2025, and particularly after the Court ruled on it on December 23, are irrelevant. ECF Nos. 84, 90. The emails attached to the response to the OSC (ECF No. 91-1 at 5-17) are therefore only relevant to the extent that they reflect the parties' earlier positions.

Plaintiff argues that her counsel reads the Local Rules, and relevant portions of the undersigned's standing order, to require one meet and confer session rather than multiple. ECF No. 91 at 3. The inquiry is not quantitative, but qualitative. The Local Rule specifically asks whether the parties "attempted to resolve their differences," such that a discovery motion is only appropriate when they have failed to do so. E.D. Cal. L.R. 251(b). Courts with similar meet-and-confer requirements have emphasized that this is not "an arbitrary or superfluous rule[,]" but rather one designed to "conserve judicial resources by eliminating issues that need not be considered by the Court." *Garcia v. Aurora Commercial Corp.*, Case No. CV 13–07402 BRO (RZx), 2013 WL 12146729, at *1 (C.D. Cal. Nov. 6, 2013). The question becomes whether the attached communications support the claim that meet-and-confer efforts were "at an impasse" when Plaintiff's counsel decided an *ex parte* application was necessary. ECF No. 91-1 at 2; *see also* ECF No. 91-2 at 2 ("Towards the end of the conversation, they were both repeating the same things and were disagreeing.").

The emails instead support the Court's earlier finding that "Plaintiff began the meet and confer process by generally identifying the contested issues" but "did not complete the process." ECF No. 90 at 4. The day after the Court issued its OSC, the parties emailed each other and agreed to further meet-and-confer efforts, at least in the abstract. ECF No. 91-1 at 13-14. Defendant asked Plaintiff to address preliminary issues – what particular redactions should be reversed, as well as how a nonparty like Topa Insurance had supposedly waived its attorney-client

3

privilege – before the parties scheduled further discussion. *Id.* at 13.  The Court does note that the parties do subsequently argued about whether Plaintiff's prior filings adequately addressed these points. *Id.* at 9-11.  As Plaintiff admits, however, the parties did eventually agree that:

> "privilege is waived as to communications between Spinnaker and attorneys of the Clinton and Clinton firm…that are within the scope of the…defense of advice of counsel… as to the breath and scope of plaintiff's examination under oath and related document requests, as well as the subsequent coverage opinion to rescind the Spinnaker policy."

ECF No. 91 at 4 (quoting ECF No. 91-1 at 7).  Notwithstanding any remaining dispute as to the first fire claim, this is sufficient to show that the parties had not exhausted efforts to reduce the scope of the dispute prior to the *ex parte* application.

Finally, Plaintiff's counsel implies that he did not engage in the full scope of meet-and-confer efforts "out of fear of running out of time" before the fact discovery cutoff.  ECF No. 91 at 5.  The undersigned has already found that Plaintiff contributed to delays via "failure to engage with the issues raised in Mr. Hayek's email of December 12[.]"  ECF No. 90 at 4.  This lack of diligence alone would disqualify Plaintiff from arguing that exceptional circumstances permitted her to circumvent the meet-and-confer requirement.  *See id.* at 5 (citing C.D. Cal. L.R. 37-3).  In any case, both the Court's order permitting select forms of discovery postdating the deadline (ECF No. 81) and Defendant's pending motion to continue this deadline (ECF No. 92) demonstrate that Plaintiff had other options for addressing this issue.

Plaintiff has failed to demonstrate either that she had exhausted reasonable meet-and-confer efforts prior to her *ex parte* application or that she was exempt from doing so.  The failure to meet and confer merits sanctions.

### III.    CONCLUSION

Accordingly, Plaintiff Firdos Sheikh and her counsel are jointly and severally liable to pay Defendant's reasonable attorney's fees.  **IT IS HEREBY ORDERED** that they shall pay

////

////

////

4

Defendant Spinnaker Insurance Company reasonable attorney's fees in the amount of $3,900, **within fourteen (14) days** of entry of this order.

DATED: June 3, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5